[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11169
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00254-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWAYNE BRADLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 27, 2017)

Before TJOFLAT, HULL and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Dewayne Bradley appeals his 24-month sentence imposed following the revocation of his supervised release on his 2008 conviction and sentence for attempted possession with intent to distribute cocaine. From November 2015 to

July 2016, after he was discharged from his custodial sentence on the 2008 conviction but while he was still subject to the conditions of his supervised release, Bradley participated in a new cocaine trafficking operation. In connection with this new cocaine trafficking operation, Bradley was indicted and ultimately pled guilty to a single count of conspiracy to possess with intent to distribute cocaine. This guilty plea in turn formed the basis for the revocation of Bradley's supervised release on his 2008 conviction.

On appeal, Bradley argues that his 24-month revocation sentence is procedurally and substantively unreasonable because the district court failed to ensure that his advisory guidelines range was properly calculated and improperly varied upward from the applicable guidelines range without adequately explaining its reasons for doing so.

## I. REASONABLENESS

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). Ordinarily, we begin by ensuring that the district court did not commit any significant procedural error, such as failing to calculate or improperly calculating the guidelines range or failing to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). If the district court's sentencing decision is procedurally sound, we then

2

review the substantive reasonableness of the sentence under an abuse-of-discretion standard. Id. "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting United States v. Campa, 459 F.3d 121, 1174 (11th Cir. 2006) (en banc)).

The weight accorded to any one § 3553(a) factor is a matter committed to the sound discretion of the district court, and the court is free to attach "great weight" to one factor over the others. United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015); see also United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). We will overturn a sentence for substantive unreasonableness only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Irey, 612 F.3d at 1190.

## II.  REVOCATION OF SUPERVISED RELEASE

If the district court finds by a preponderance of the evidence that the defendant violated a condition of supervised release, the district court has discretion to revoke his supervised release and require him to serve all or part of the supervised release term in prison. 18 U.S.C. § 3583(e)(3). In determining

3

whether to revoke supervised release and impose a prison sentence, the district court must consider certain factors set forth in § 3553(a), including, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to deter criminal conduct. 18 U.S.C. §§ 3553(a)(1), (2)(B), (4), 3583(e).

The Sentencing Guidelines establish three "grades" of supervised release violations. U.S.S.G. § 7B1.1(a). A "Grade A" violation is the commission of a felony that that involves, inter alia, a controlled-substance offense as defined in U.S.S.G. § 4B1.2(b), which includes conspiracy to possess with intent to distribute a controlled substance. U.S.S.G. § 7B1.1(a)(1) & cmt. n.3; United States v. Pridgeon, 853 F.3d 1192, 1199-1200 (11th Cir. 2017), cert. denied, __ S. Ct. __, No. 17-5135 (U.S. Oct. 2, 2017). Where a defendant (1) had a criminal history category of I at the time the term of supervised release was originally imposed and (2) commits a Grade A violation, the applicable guidelines range is 12 to 18 months. U.S.S.G. § 7B1.4(a).

## III. DISCUSSION

The district court's imposition of a 24-month sentence, which constituted an upward variance from Bradley's guidelines range, was both procedurally and substantively reasonable. First, the district court did not err in calculating Bradley's guidelines range at 12 to 18 months. Bradley had a criminal history

category of I at the time the term of supervised release was imposed, and his new conviction for conspiracy to possess with intent to distribute cocaine constituted a Grade A violation.  See U.S.S.G. §§ 4B1.2(b), 7B1.1(a)(1)(A)(ii); Pridgeon, 853 F.3d at 1199-1200.  Accordingly, Bradley's guidelines range was 12 to 18 months. U.S.S.G. § 7B1.4(a).

Second, Bradley's assertion that the district court failed to adequately consider the § 3553(a) factors in imposing his revocation sentence is belied by the record.  In imposing Bradley's revocation sentence, the district court noted that Bradley was "fortunate because the government elected not to file an enhancement" on his new cocaine conviction, which would have subjected him to a mandatory minimum sentence.  The district court further noted that, as soon as Bradley "got in a tough situation" after his release from custody on his 2008 conviction, he "went straight back" to committing drug offenses.  Accordingly, the district court determined that the Chapter 7 guidelines range of 12-18 months was not appropriate and, "given the circumstances" of Bradley's case, a 24-month revocation sentence was warranted.

The record therefore shows that the district court considered Bradley's history, the nature and circumstances of the offense, the need for deterrence, and the applicable guidelines range in determining Bradley's revocation sentence.  See 18 U.S.C. §§ 3553(a)(1), (2)(B), (4), 3583(e)(3).  Nothing in the record leads us to

5

conclude that the district court committed "a clear error of judgment" in weighing those factors.  Clay, 483 F.3d at 743; Irey, 612 F.3d at 1190.

Finally, we recognize that Bradley characterizes his above-guidelines revocation sentence as an upward "departure" and suggests that the district court departed under U.S.S.G. § 4A1.3.  The record makes clear, however, that his above-guidelines sentence was in fact an upward variance based on the district court's consideration of the § 3553(a) factors, as the district court never referred to § 4A1.3 or any other departure provision in imposing his revocation sentence, but rather focused on Bradley's history and characteristics and the circumstances of his offense.  18 U.S.C. § 3553(a); see also Irizarry v. United States, 553 U.S. 708, 714-15, 128 S. Ct. 2198, 2202-03 (2008) (explaining that "departure" is a term of art under the Guidelines that is distinct from non-guidelines sentences based on the § 3553(a) factors).

Accordingly, we affirm.

**AFFIRMED.**

6